**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERTO GALICIA, | Civil Action No. 2:15-cv-07077-SDW-LDW |
| Plaintiff, | |
| v. | **OPINION** |
| UNITED STATES OF AMERICA, INOCENCIA FIGUEROA and JOHN DOES A-Z, names being fictitious, | |
| | December 11, 2015 |
| Defendants. | |

**WIGENTON**, District Judge.

Before this Court is Defendant United States of America's (the "Government") Motion to Dismiss Plaintiff Roberto Galicia's ("Plaintiff") Complaint as to the Government for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).[1]  This Court, having considered the parties' submissions, decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons stated below, the Government's Motion to Dismiss is **GRANTED**.

---

[1] Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

**I.     FACTUAL BACKGROUND**

According to the Complaint, Plaintiff was a passenger in a car driven by Defendant Inocencia Figueroa ("Defendant Figueroa") on June 28, 2013, when Charles G. Squires, a United States Postal Service ("USPS") employee, negligently caused a USPS vehicle to collide with the vehicle Defendant Figueroa was driving, resulting in personal injuries to Plaintiff.  (Compl. ¶¶ 1-4.)  Following the accident, Plaintiff's counsel sent a letter dated August 16, 2013, to USPS with an attached "Tort Claims Notice."  (Pyne Decl. Ex. A; Pl.'s Br. Opp'n Def.'s Mot. Dismiss ("Pl.'s Br. Opp'n") 2.)  The attachment, which described the alleged accident, did not contain a dollar amount Plaintiff intended to seek in damages.  (Pyne Decl. Ex. A.)  Rather, the attachment stated that both the "amount claimed" and the "basis of the calculation" were "[t]o be submitted."  (*Id.*)

In response, USPS sent Plaintiff a letter (the "USPS Letter") dated August 29, 2013, with an attached Standard Form 95.  (Pyne Decl. ¶ 3 Ex. B.)  The USPS Letter provided instructions on the actions needed for "[Plaintiff's] claim to receive proper consideration."  (Pyne Decl. Ex. B)  Of particular importance, the letter stated in bold lettering: "**A valid claim must be for a specific amount**. That amount must be shown in the appropriate space(s) . . . ."  (*Id.*)

Plaintiff did not respond to the USPS Letter with an amended administrative claim for a specific amount before filing this action.  (Pyne Decl. ¶ 4; Pl.'s Br. Opp'n 2-3.)  Instead, Plaintiff filed a Complaint against Charles G. Squires, Defendant Figueroa, and USPS on June 3, 2015, in the Superior Court of New Jersey, Law Division, Morris County.  (Compl.; Pl.'s Br. Opp'n 1.)  The Government then substituted in as a defendant, in place of USPS and Charles G. Squires, and removed the case to the United States District Court for the District of New Jersey.  (Def.'s Br. Supp. Mot. Dismiss ("Def.'s Br. Supp.") 2-3.)

On October 13, 2015, the Government filed the Motion to Dismiss currently before this Court. (*See generally* Def.'s Br. Supp.) In its Motion, the Government argues that under the Federal Torts Claims Act ("FTCA"), Plaintiff was required to exhaust all available administrative remedies by presenting an administrative claim, in writing and including a "sum certain" claim for damages, to USPS before filing an FTCA action. (*Id.* at 3-6.) According to the Government, Plaintiff's failure to identify a sum certain in his correspondence with USPS before filing this lawsuit violates the FTCA's administrative exhaustion requirement and deprives this Court of subject-matter jurisdiction over Plaintiff's claim against the Government. (*Id.*)

In response, although Plaintiff concedes that submitting a sum certain is "an essential element of notice under the [FTCA]," (Pl.'s Br. Opp'n 1), Plaintiff argues that the sum certain requirement does not deprive this Court of subject-matter jurisdiction over Plaintiff's FTCA claim because: (i) USPS did not adequately notify Plaintiff of his claim's deficiencies, (ii) Plaintiff cured the deficiencies by sending Defendant Figueroa a "Statement of Damages" dated September 23, 2015, which was "forwarded to the United States Attorney" and by serving an amended "Tort Claim Notice" along with his Brief in Opposition to the Government's Motion to Dismiss, (iii) USPS did not issue a final denial of Plaintiff's claim, and (iv) Plaintiff's failure to submit a sum certain was "excusable neglect."[2] (*Id* at 5-11.)

In response to Plaintiff's contentions, the Government argues that USPS did not have any responsibility to provide Plaintiff notice of his claim's deficiencies and that, even if USPS did have such a responsibility, the USPS Letter provided adequate notice. (Def.'s Reply Br. Supp. Mot. Dismiss 2-3.) Furthermore, the Government argues that the sum certain requirement may not be

---

[2] Although Plaintiff's counsel concedes that the USPS Letter was delivered to his firm, he argues that the USPS Letter "was not seen by Plaintiff's counsel, but was instead placed in Plaintiff's file." (Pl.'s Br. Opp'n 10-11.)

3

waived and may not be disregarded by this Court based on either Plaintiff's submissions made after filing his Complaint or based on "excusable neglect." (*Id.* at 3-6.)

Thus, the issue before this Court is whether Plaintiff violated the FTCA's administrative presentment requirement by failing to submit a sum certain claim for damages to USPS and, if so, whether that failure deprives this Court of subject-matter jurisdiction over Plaintiff's FTCA claim against the Government.

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(1)

A defendant may move to dismiss a complaint for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1) by challenging jurisdiction facially or factually. *Constitution Party of Pennsylvania v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014). A facial challenge to subject-matter jurisdiction "considers a claim on its face and asserts that it is insufficient to invoke the subject-matter jurisdiction of the court because, for example, it does not present a question of federal law . . . ." *Id.* at 358. In contrast, a factual challenge "is an argument that there is no subject matter jurisdiction because the facts of the case . . . do not support the asserted jurisdiction." *Id.* Drawing this distinction is important because it "determines how the pleading must be reviewed." *Id.* at 357-58 (citing *In re Schering Plough Corp. Intron,* 678 F.3d 235, 243 (3d Cir. 2012)). In analyzing a facial challenge, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto . . . ." *Constitution Party of Pennsylvania*, 757 F.3d at 348 (citing *In re Schering Plough Corp. Intron,* 678 F.3d at 243). Whereas in considering a factual challenge to subject-matter jurisdiction, the court "may look beyond the pleadings to ascertain the facts." *Constitution Party of Pennsylvania*, 757 F.3d at 348. Furthermore, in considering a factual challenge to subject matter jurisdiction, "the plaintiff's allegations enjoy no presumption of

truthfulness, and [the plaintiff] bears the burden of establishing jurisdiction." *Meehan v. Taylor*, No. CIV. 12-4079 RBK/KMW, 2013 WL 4517943, at *2 (D.N.J. Aug. 26, 2013) (first citing *CNA v. United States,* 535 F.3d 132, 139 (3d Cir. 2008); then citing *Mortensen v. First Fed. Saving and Loan Assoc.,* 549 F.2d 884, 891 (3d Cir. 1977)).

### B. Federal Torts Claims Act

With the passage of the Federal Torts Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.*, Congress enacted a limited waiver of the sovereign immunity that the United States of America enjoys. *See White-Squire v. U.S. Postal Serv.*, 592 F.3d 453, 456 (3d Cir. 2010). The FTCA subjects the United States to liability for the tortious conduct of federal government employees occurring within the scope of employment and confers exclusive jurisdiction to the district courts to adjudicate such claims. *See* 28 U.S.C. §§ 1346(b), 2671 *et seq.* Under the FTCA, the United States, to the same extent as a private party, is liable "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." *Id.* § 1346(b)(1).

It is axiomatic under the FTCA that a plaintiff must exhaust all administrative remedies by, *inter alia*, furnishing the offending agency with written notice of the claim, *including a sum certain*, before bringing suit. 28 U.S.C. § 2675(a)-(b); 28 C.F.R. § 14.2; *Bialowas v. United States,* 443 F.2d 1047, 1048-49 (3d Cir. 1971); *see also Meehan*, 2013 WL 4517943, at *4 (Under the sum certain requirement, the "claimant must at least present information from which an agency may directly infer or compute the total value of a claimant's damages." (citations omitted)). Moreover, administrative exhaustion is a jurisdictional requirement of FTCA claims and cannot be waived. *Bialowas,* 443 F.2d at 1049. Therefore, a plaintiff pursuing an FTCA claim bears the burden of establishing the court's subject-matter jurisdiction by showing, *inter alia*, that he or she

5

properly presented an administrative claim, including a sum certain, before filing suit. *Bialowas*, 443 F.2d at 1048. This jurisdictional requirement must be strictly construed and exceptions are not to be implied by the courts. *See Hause v. United States*, 378 F. App'x 158, 159 (3d Cir. 2010) ("[A]s the FTCA is a waiver of sovereign immunity by the United States, its requirements are to be strictly construed."); *Soriano v. United States*, 352 U.S. 270, 276 (1957) ("[C]onditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied.")

### III. DISCUSSION[3]

Plaintiff's claim against the Government for personal injuries falls within the scope of the limited waiver of sovereign immunity granted by the FTCA. *See* 28 U.S.C. § 1346(b)(1); s*ee, e.g.*, *White-Squire*, 592 F.3d at 456. As a result, Plaintiff was obligated to comply with the FTCA's strict procedural requirements, including the requirement that Plaintiff properly present his administrative claim, in writing with a sum certain, to USPS before initiating an FTCA action. *See White-Squire*, 592 F.3d at 457 ("Section 2675 mandates that an FTCA action 'shall not be instituted upon a claim against the United States for money damages . . . unless the claimant shall have first presented the claim to the appropriate Federal agency . . . .'" (quoting 28 U.S.C. § 2675(a)). However, the Government argues in its Motion to Dismiss, and Plaintiff does not deny, that Plaintiff did not submit a written administrative claim containing a sum certain to USPS before filing this FTCA action. (*See* Def.'s Br. Supp. 2.) Although Plaintiff submits several reasons for why this failure to exhaust his administrative remedies should be disregarded, the requirement to

---

[3] The Government argues in its Motion to Dismiss that this Court lacks subject-matter jurisdiction over Plaintiff's FTCA claim because Plaintiff failed to submit a proper administrative claim, including a sum certain, to USPS before filing this action. (Def.'s Br. Supp. 2-3.) This Court treats this argument as a factual challenge to this Court's subject-matter jurisdiction over Plaintiff's FTCA claim. *See, e.g.*, *White-Squire v. U.S. Postal Serv.*, No. CIVA 08-3486 MLC, 2009 WL 313338, at *3 (D.N.J. Feb. 6, 2009) *aff'd*, 592 F.3d 453 (3d Cir. 2010).

submit a sum certain to the appropriate agency before filing an FTCA claim is a jurisdictional requirement that cannot be waived. *White-Squire*, 592 F.3d at 457-58 ("[T]o remove any doubt on this point, we hold that the sum certain requirement in § 2675(b) is jurisdictional."); *Bialowas,* 443 F.2d at 1049. Thus, Plaintiff's failure to submit a sum certain to USPS before filing this action deprives this Court of subject-matter jurisdiction over Plaintiff's FTCA claim against the Government.

This Court's lack of subject-matter jurisdiction over Plaintiff's FTCA claim against the Government is not changed by Plaintiff's arguments that USPS did not provide adequate notice to Plaintiff of his administrative claim's deficiencies, that USPS did not issue a final denial, and that Plaintiff's failure to submit a sum certain was "excusable neglect." (Pl.'s Br. Opp'n 5-11). The FTCA is a limited waiver of sovereign immunity and, thus, its jurisdictional requirements— including the burden it places on a plaintiff to exhaust administrative remedies before bringing an FTCA claim—must be strictly construed. *See Hause*, 378 F. App'x at 159. The Third Circuit has repeatedly rejected similar proposed exceptions to the FTCA's administrative exhaustion requirements and Plaintiff's request for an exception is no different. *See White-Squire*, 592 F.3d at 459 ("A claimant's failure to take advantage of these available procedures cannot justify judicial tinkering with the United States's waiver of its sovereign immunity and the subject matter jurisdiction of the federal courts."); s*ee, e.g.*, *Bialowas*, 443 F.2d at 1050 (rejecting a proposed exception to the administrative presentment requirement based on "exceptional circumstances"). USPS notified Plaintiff in writing that "**[a] valid claim must be for a specific amount** . . . ." (Pyne Decl. Ex. B.) Plaintiff's failure to heed this warning and submit a proper administrative claim to USPS, including a sum certain, before filing this action deprives this Court of subject-

matter jurisdiction over Plaintiff's FTCA claim against the Government.[4] Accordingly, Plaintiff's FTCA claim against the Government must be dismissed.

## IV. CONCLUSION

For the reasons set forth above, the Government's Motion to Dismiss is **GRANTED**. An appropriate order follows.

s/ Susan D. Wigenton, U.S.D.J.

Orig:        Clerk
cc:          Leda D. Wettre, U.S.M.J.
              Parties

---

[4] Plaintiff notified this Court in his Brief in Opposition to the Government's Motion to Dismiss that he sent additional correspondence to the Government after filing this action, including the September 23, 2015 "Statement of Damages" and the more recent "Claim for Damage, Injury, or Death" and Standard Form 95 which Plaintiff attached to his Brief. (Pl.'s Br. Opp'n Ex. C.) As these documents were submitted to the Government *after* Plaintiff filed this FTCA action, their submission does not satisfy the FTCA's requirement that a plaintiff must "have *first* presented the claim to the appropriate Federal agency" and cannot serve as a basis for subject-matter jurisdiction over the present FTCA claim. 28 U.S.C. § 2675(a) (emphasis added); *see McNeil v. United States*, 508 U.S. 106, 113 (1993). To the extent these newly submitted documents constitute a new administrative claim, this Court does not address the new claim's validity.